JORDAN LYONS, plaintiff in error, *vs.* JESSE STEPHENS, defendant in error.

(BY TWO JUDGES.)—1. Where S. is sued on a warranty of the soundness of a negro, and in settlement of the case gives his promissory note for half the amount for which he originally sold the negro, such note is not a " debt, the consideration of which was a slave."

2. Where S. is induced to give his note to L. in settlement of a suit by the latter on a warranty of soundness of a negro, on the representation of L. that he had been compelled by suit to pay a third person, to whom he had sold him, and for which judgment had been obtained against him on account of unsoundness of the negro, when, in fact, he had only paid a part of the judgment ; the statement by L. is not such a misrepresentation of a material fact as constitutes a good defense to the note when sued on by L.   12th March, 1872.

Slave debts.   Misrepresentation.   Promissory notes.   Before Judge GREEN.   Upson Superior Court.   November Term, 1870.

Lyons sued Stephens upon his promissory note for $500 made in 1867. In the defense it appeared that Stephens sold a slave to Lyons in 1858, for $1,0C0, and Lyons sold the same slave to Freeman for $1,300. In each case there was a warranty of soundness. The slave was unsound, and Freeman recovered $1,300 against Lyons for that reason. Lyons then sued Stephens upon *his* said warranty. In compromise of that suit Lyons took from Stephens the note sued on ; but Stephens would not have given the note had not Lyons told him that he, Lyons, had paid Freeman's judgment, or the greater part of it. So far, from having paid Freeman's judgment, Lyons paid $425 in 1862, and in 1869 stopped it by an affidavit, that it was illegally proceeding because it was for a slave debt.

The Court instructed the jury to find for the defendant if said note was given for a slave, or if Stephens was induced to give the note by Lyons representing that he had paid Freeman's judgment, or a large part of it, when such was not the truth. The jury found for the defendant. Lyons complains of said charges.

SPEER & BECK, for plaintiff in error. This representation was not as to a *material* fact : R. Code, sec. 3119. This is for the jury : 2 Pars. on C., 770. As to fraud in procuring note : 5 Ga. R., 473 ; 2 Kent's Com., 489.

C. PEEPLES, for defendant.

MONTGOMERY, Judge.

This was an action on a note given to compromise a suit on a breach of warranty of soundness of a slave. The plaintiff had purchased a negro from the defendant, which the latter had warranted as sound. Shortly after the plaintiff sold the slave, also with warranty of soundness. The negro proved unsound, and plaintiff was sued by his vendee, and judgment obtained by the latter for $1,300. Part of this

judgment, some four hundred and odd dollars, plaintiff paid, and represented to defendant, whom he then sued on his warranty, that he had paid the greater part of it.   Whereupon, to compromise the suit brought on his warranty for $1,000, defendant gave the note now sued on for five hundred dollars.   The defense is, first, negro consideration of the note; secondly, misrepresentation of a material fact by the plaintiff, whereby defendant was induced to give the note, to-wit, the statement that plaintiff had paid the greater part of the judgment obtained against him on his warranty of the same negro.

A warranty of soundness of a negro is not a debt, the consideration of which was a slave, but rather a contract, the consideration of which was the price paid for the slave.  Much less is the note given to compromise a suit on the warranty, a contract, the consideration of which was a slave.   Nor was the misrepresentation by the plaintiff, that he had paid the greater part of the judgment against him on his warranty of soundness, a misrepresentation of a *material* fact.   A material fact is a fact which is substantially the consideration of the contract: Chitty on Contracts, 392.   What is a consideration for a contract?   "The consideration must be some benefit to the party whom the promise is made, or to a third person, at his instance, or some detriment sustained at the instance of the party promising, by the party in whose favor the promise is made:" 4 East, 455; 1 Taunt., 523; 13 S. & R., 29.   What benefit was the statement by the plaintiff that he had paid the greater part of the judgment against him, to the defendant?   It certainly was no benefit to any third party at his instance.   Much less was it a detriment sustained by the plaintiff at the instance of the defendant. It was simply a statement of a fact entirely irrelevant to their suit.

Judgment reversed.